UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JASMINE PORTER and )
SHANE BIRDWELL, )
 )
Plaintiffs, )
 )
v. ) No. 1:21-cv-109-SNLJ
 )
DONALD F. UNDERWOOD, JR. and )
DREW A. UNDERWOOD, )
 )
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint and Application to Proceed in District Court Without Prepaying Fees or Costs filed by self-represented plaintiffs Jasmine Porter and Shane Birdwell (also "plaintiffs"). The Court has determined to grant plaintiffs leave to proceed *in forma pauperis* in these proceedings. Additionally, the Court will give plaintiffs the opportunity to file an amended complaint.

### Legal Standard

This Court is required to review complaints filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiffs filed the complaint against Donald F. Underwood, Jr. and Drew A. Underwood. Plaintiffs identify themselves and both defendants as residents of New Madrid County, Missouri, and they indicate that both defendants reside at what appears to be a private address. Plaintiffs invoke this Court's federal question jurisdiction, and aver they proceed pursuant to 42 U.S.C. § 1983. They placed a check mark to identify the defendants as "State or local officials," and

indicate they sue both defendants in an individual capacity. (ECF No. 1 at 3). However, the complaint contains no facts that would explain why either defendant can be considered a state or local official. Plaintiffs also indicate they proceed against the defendants pursuant to the "Civil Rights Act of 1991" and certain federal criminal statutes. *Id.*

Plaintiffs aver their claims arise from events beginning in August of 2020 at their residence, identified as 239 County Highway 204 in Portageville, Missouri. They allege as follows:

> Defendants Donald Jr. and Drew Underwood intentionally committed acts to not only deprive my family of the enjoyment of our life and home, they committed acts with sole intentions of harming, inflicting stress and violating our civil rights and our all around rights of being an [A]merican citizen all while knowing that Ms. Porter was already experiencing a high risk multiple pregnancy that ended at only 24 weeks, resulting in the death of our child due to issues of being born premature[.]

*Id.* at 4. The complaint contains the following additional allegations. Mr. Birdwell was employed by the defendants from September of 2018 to August of 2020, during which time the defendants paid him wages and paid his housing and utility costs. Ms. Porter lived with Mr. Birdwell at the 239 County Highway address. In August of 2020, Mr. Birdwell "was wrongfully terminated, and taunted about how he would not be receiving any unemployment benefits." *Id.* On September 15, 2020, plaintiffs received a notice to vacate the premises. They provided "proof of Cares Act" two days later, "which ignited the beginning of the harassment by defendants." *Id.* Plaintiffs claim the defendants knew about Ms. Porter's mental health issues "but still intentionally inflicted upon and has made worse on top of losing a child that [] could still be here if the harassment could have just stopped." *Id.* at 5. Plaintiffs seek $100,000 in relief.

**Discussion**

Plaintiffs aver they are suing the defendants pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, plaintiffs must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the complaint pleads no facts to support plaintiffs' conclusion that the defendants were state or local officials, nor does it plead facts permitting the inference that either defendant took action that could be "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The complaint therefore fails to state a viable § 1983 claim.

Plaintiffs also indicate an intent to bring an employment discrimination action. However, the complaint does not allege that Ms. Porter had an employment relationship with either defendant, or ever sought such employment. The complaint does allege the defendants employed Mr. Birdwell and ultimately terminated his employment. However, the complaint pleads no facts demonstrating that such termination was unlawful. The complaint therefore fails to state an employment discrimination claim.

Plaintiffs also state, without explanation, that they intend to proceed pursuant to a number of federal criminal statutes. However, as private citizens, plaintiffs have no authority to initiate a federal criminal investigation or prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("… a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Additionally, this Court cannot compel such action. Instead, the Executive Branch has exclusive authority and absolute discretion to decide whether to initiate a federal criminal prosecution. *U.S. v. Nixon*, 418 U.S. 683, 693 (1974).

Accordingly, for the foregoing reasons, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). However, in consideration of plaintiffs' self-represented status and in an

abundance of caution, the Court will not dismiss this action at this time, and will instead give plaintiffs the chance to file an amended complaint. Plaintiffs are advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiffs must type or neatly print the amended complaint on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). <u>Plaintiffs should fully complete the complaint form.</u> <u>If both plaintiffs wish to proceed as plaintiffs in this action, they must both sign the amended complaint.</u>

In the "Caption" section of the complaint form, plaintiffs should write the defendant's name. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If plaintiffs are bringing claims under 42 U.S.C. § 1983, they should specify whether they sue the defendant in an official capacity, individual capacity, or both. Plaintiffs must avoid naming anyone as a defendant unless that person is directly related to their claim.

In the "Statement of Claim" section, plaintiffs should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiffs should set forth a short and plain statement of the facts that support their claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiffs must state their claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiffs name a single defendant, they may set forth as many claims as they have against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiffs name more than one defendant, they should only include claims that arise out of the

same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiffs allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiffs must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiffs shall file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiffs a copy of the Court's Civil Complaint form.

**The failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 7th day of October, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE