UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JASMINE PORTER and<br>SHANE BIRDWELL,<br><br>        Plaintiffs,<br><br>v.<br><br>DONALD F. UNDERWOOD, JR., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 1:21-cv-109-SNLJ<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by self-represented plaintiffs Jasmine Porter and Shane Birdwell (also "plaintiffs"). For the reasons explained below, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiffs initiated this action by filing a complaint against Donald F. Underwood and Drew A. Underwood (also "the Underwoods"). They invoked this Court's federal question jurisdiction, and sought to assert civil rights claims pursuant to 42 U.S.C. § 1983, employment discrimination claims pursuant to Title VII, and claims pursuant to federal criminal law. In support, they described alleged wrongdoing committed by the Underwoods related to a prior employment and housing arrangement between the parties. Upon initial review, the Court determined that the complaint was subject to dismissal. The Court clearly explained the reasons the complaint was subject to dismissal, and gave plaintiffs the opportunity to file an amended complaint. Plaintiffs have now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e).

### Legal Standard

This Court is required to review complaints filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to

excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiffs filed the amended complaint against the Underwoods, Pemiscot-Dunklin Electric Cooperation, Jamie Vaughn, and Scott Petty. Plaintiffs identify themselves and Donald F. Underwood as Missouri residents. They do not specify the residence of the remaining defendants. They invoke this Court's federal question jurisdiction, and aver they proceed pursuant to 28 U.S.C. § 509b(e), 42 U.S.C. § 1983, 42 U.S.C. § 1985, Title VII of the Civil Rights Act of 1968, and several criminal statutes. However, they make no effort to connect their factual allegations to any particular theory of recovery. They allege as follows.

In April of 2019, plaintiffs moved into a residence "owned by defendants," located at 239 County Highway 204 in Portageville, Missouri. From September 2018 to August 2020, the Underwoods employed Mr. Birdwell, and paid him wages, plus housing and utilities. Mr. Birdwell was ultimately terminated after he was accused of using drugs, and refused to sign a new policy agreement.

On approximately September 15, 2020, plaintiffs arrived home to find a notice to vacate. Unidentified persons (presumably the Underwoods) "began to taunt" Mr. Birdwell concerning his lack of employment benefits. Plaintiffs presented the Underwoods' attorney with "proof of protection of The Cares Act, which ignited the beginning of the harassment by defendants." Drew Underwood subsequently sent Mr. Birdwell text messages in which he teased Mr. Birdwell about his lack of income, called him vulgar names, and so forth. Plaintiffs claim that "made it impossible for plaintiffs to find a new home for their family."

On October 17, plaintiffs arrived home to find their electricity had been shut off, even though the Underwoods had previously paid the electric bill. Plaintiffs further claim that Pemiscot-Dunklin Cooperative has demanded they pay a debt from 2018, and failed to follow "cold weather rules" that prevented disconnection of heat. In January of 2021, Donald Underwood attempted to force his way into their home. Later, plaintiffs discovered their home had been burglarized and a television was missing, and the police filed a report without their knowledge. Later, plaintiffs were accused of neglecting their dogs. Ms. Porter, who was pregnant, suffered stress and preterm labor, and the plaintiffs ultimately suffered the loss of a child. "The defendants" initiated an unlawful detainer action, which plaintiffs believe was unfair due to their circumstances. On May 11, 2021, after the plaintiffs visited the property, they were arrested and accused of burglary and property damage. "Defendants" destroyed some of their personal property. Drew Underwood had Mr. Birdwell served with an order of protection. Plaintiffs do not explain the nature of their claims against Vaughn or Petty. Plaintiffs seek monetary relief in excess of $500,000.

**Discussion**

The amended complaint, like the original complaint, fails to state a claim upon which relief may be granted and is subject to dismissal. Plaintiffs again seek to proceed pursuant to 42 U.S.C. § 1983. As the Court previously explained, to state a claim under § 1983, plaintiffs must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiffs aver that the Underwoods and Pemiscot-Dunklin Cooperation acted under color of law because they intentionally defrauded the federal government, and acted to deprive plaintiffs of their life and home. However, such

4

allegations do not establish that these defendants, or any other named defendant, is a state actor or took action that could be "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). As a result, the Court concludes the amended complaint fails to state a viable § 1983 claim against any named defendant.

Plaintiffs also aver they intend to bring claims pursuant to 42 U.S.C. § 1985. However, they fail to allege facts as basic as which defendants were the alleged conspirators. Even if plaintiffs could be understood to identify the Underwoods as conspirators, their allegations would not state a valid § 1985 claim because they fail to allege facts tending to show the defendants reached an agreement to violate their rights, or acted with a class-based "invidiously discriminatory animus," as required to state a valid § 1985 claim. *Larson ex rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

Plaintiffs also indicate an intent to pursue Title VII employment discrimination claims. However, the amended complaint, like the original complaint, fails to allege that Ms. Porter had an employment relationship with the Underwoods or any other defendant, or that she ever sought such employment. The amended complaint does allege that the Underwoods once employed Mr. Birdwell, and ultimately terminated his employment. However, plaintiffs again fail to plead facts demonstrating that such termination was unlawful. The Court therefore concludes the amended complaint fails to state an employment discrimination claim.

Plaintiffs also state that they intend to proceed pursuant to a number of federal criminal statutes. However, as the Court previously explained, as private citizens plaintiffs have no authority to initiate a federal criminal investigation or prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("… a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Additionally, this Court cannot compel such action.

Instead, the Executive Branch has exclusive authority and absolute discretion to decide whether to initiate a federal criminal prosecution. *U.S. v. Nixon*, 418 U.S. 683, 693 (1974). Plaintiffs also state they intend to proceed pursuant to 28 U.S.C. § 509b(e). However, they do not allege, nor is it apparent, that that statute authorizes a private right of action.

Plaintiffs do not identify, nor can the Court discern, any other federal law under which their claims might be brought. Finally, this Court would not have jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332 because, according to the amended complaint, the parties are not completely diverse. For all of the foregoing reasons, the Court concludes this action must be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of January, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

6